USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rafael Rodriguez,

                  Plaintiff,

-against-

Carolyn W. Colvin, Acting Commissioner of Social Security,

                  Defendant.

1:15-cv-02570 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Before the Court is a motion for attorney's fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. §§ 406(b) and 1383(d)(2), by plaintiff's counsel, Christopher James Bowes ("Bowes"). (ECF No. 47.) For the reasons set forth below, the Court awards attorney's fees to Bowes in the amount of $18,981.50.

**BACKGROUND**

**I.    Proceedings Prior To Retention Of Bowes**

Plaintiff, Rafael Rodriguez ("Plaintiff" or "Rodriguez"), is a 48-year-old former restaurant worker and chef. On June 10, 2010, Rodriguez filed an application for Social Security Disability ("SSD") benefits. He alleged disability as of February 1, 2009 due to emotional problems and arthritis, as well as right leg, right knee and left shoulder injuries. On September 22, 2010, Rodriguez filed an application for Supplementary Security Income ("SSI") disability benefits based on the same set of facts. By Notice of Disapproved Claim dated January 26, 2011, the Social Security Administration ("SSA") denied Rodriguez's claims for benefits. (6/22/18 Am. Bowes Decl., ECF No. 50, ¶¶ 4-7.)

1

On February 11, 2011, Rodriguez requested a hearing before an administrative law judge ("ALJ"). On December 15, 2011, Rodriguez appeared and testified at a hearing before ALJ Seth Grossman. On February 2, 2012, Rodriguez attended two consultative examinations scheduled by the ALJ. On April 23, 2012, Rodriguez appeared at a supplemental hearing scheduled by ALJ Grossman. Dr. Donald Goldman appeared and testified in his role as a medical expert and Miriam Greene appeared and testified in her role as a vocational expert at the request of the ALJ. (6/22/18 Am. Bowes Decl. ¶¶ 8-11.)

On July 17, 2012, Dr. Goldman responded to post-hearing interrogatory questions from ALJ Grossman. Dr. Goldman advised that, following his review of the file and additional evidence, he believed Rodriguez's impairments were equal in severity to a listed impairment. On August 20, 2012, Rodriguez's representative responded to the additional evidence, explained his belief that the evidence supported a fully favorable decision, and requested a supplemental hearing if a fully favorable decision could not be reached. (6/22/18 Am. Bowes Decl. ¶¶ 12-13.)

On May 13, 2013, Rodriguez appeared with counsel at a third administrative hearing. On May 23, 2013, Rodriguez's then-attorney (not Bowes) was advised that ALJ Grossman wished to hold a fourth administrative hearing. Rodriguez objected and requested that his case be re-assigned to a different ALJ, alleging that ALJ Grossman already had unreasonably delayed his case and was now suggesting a fourth administrative hearing. Rodriguez requested that the case be reassigned or that the ALJ's denial of benefits be issued so that he could pursue relief at the Appeals Council. (6/22/18 Am. Bowes Decl. ¶¶ 14-15.)

On May 28, 2013, ALJ Grossman advised Rodriguez that he had secured additional evidence from a Dr. Malcolm Brahms. On June 5, 2013, Rodriguez wrote to the Chief ALJ at the

2

Bronx Office of Disability Adjudication and Review to request that his case be assigned to another ALJ. On August 8, 2013, ALJ Grossman denied Rodriguez's case. Rodriguez then filed a request for Appeal Council review, which was denied on March 9, 2015. (6/22/18 Am. Bowes Decl. ¶¶ 16-18.)

## II. Proceedings After Retention Of Bowes

On March 31, 2015, Rodriguez retained Bowes to represent Rodriguez in order to file this case to challenge the final decision by the Commissioner of Social Security. Rodriguez entered into a Retainer Agreement with Bowes by which Rodriguez agreed to pay twenty-five percent of his past due benefits as payment for legal representation in federal court. Pursuant to the agreement, no fees were due if benefits could not be secured. (6/22/18 Am. Bowes Decl. ¶ 19 & Ex. A.)

On April 2, 2015, Bowes on behalf of Rodriguez filed the Complaint in this case seeking to reverse the Commissioner's decision finding that Rodriguez was not disabled. (Compl., ECF No. 1, at 4.) In August 2015, the SSA advised Bowes that the SSA wished to remand his case for additional administrative proceedings. Bowes met several times with Rodriguez to discuss the SSA's offer of remand, but Rodriguez rejected the remand offer because the case would have been remanded to ALJ Grossman. (6/22/18 Am. Bowes Decl. ¶¶ 20-21.)

On November 30, 2015, Bowes, on behalf of Rodriguez, filed a motion for judgment on the pleadings (ECF No. 25), seeking outright reversal of ALJ Grossman's decision or, in the alternative, remand for additional proceedings before a new ALJ. His motion was accompanied by a 25-page memorandum of law. (Pl. Mem., ECF No. 26.) The Commissioner filed a cross-motion for remand, and a memorandum in opposition to Plaintiff's motion for judgment on the

pleadings. (*See* ECF Nos. 29 & 30.) Bowes on behalf of Rodriguez filed a six-page reply memorandum. (ECF No. 35.)

On March 31, 2017, Magistrate Judge Ellis, to whom the parties had consented for all purposes, granted the Commissioner's motion to remand and denied Plaintiff's motion for outright reversal and also denied Plaintiff's request for a hearing before a different ALJ. (Op. and Order, ECF No. 37, at 40.) On April 3, 2017, the Clerk of the Court entered Judgment in Plaintiff's favor. (J., ECF No. 38.)

On July 5, 2017, Bowes filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 39.) Bowes sought an award of $3,121.73 for 15.9 hours of his time. (7/5/17 Bowes Decl., ECF No. 40, ¶ 31.) Bowes submitted in support of his EAJA motion time records covering the period March 25, 2015 through July 5, 2017. (7/5/17 Bowes Decl., Ex. A.)[1] The parties subsequently agreed that EAJA fees in the amount of $1,800 would be paid to Bowes. (8/10/17 Stipulation and Order, ECF No. 41.)[2]

On remand to the SSA, the case was assigned to a different ALJ, given that ALJ Grossman had been reassigned to a different hearing office. On December 18, 2017, Rodriguez appeared

---

[1] In his Amended Declaration in support of the instant motion for fees, Bowes explains that these time records do not include "the time spent on the unsuccessful motion to assign a different ALJ on remand." (6/22/18 Am. Decl. ¶ 25.) This is because Bowes made the judgment that the Commissioner "would oppose a motion for any time beyond the point at which the Defendant offered to voluntarily remand this case for additional proceedings (i.e., in August 2015)." (Pl. Reply Mem., ECF No. 55, at 3.)

[2] Bowes made a mistake in his moving Declaration by stating that the EAJA fees paid were only $1,500 (6/22/18 Am. Decl. ¶ 27), but corrected this mistake in response to an inquiry by the Court. (*See* Pl. Reply Mem. at 2.) In addition, the 8/10/17 Stipulation and Order states that the $1,800 amount paid is "in full satisfaction of any and all claims for attorney's fees and expenses in connection with this action." (ECF No. 41.) However, again in response to an inquiry by the Court, Bowes represented that he had "confirmed with [defense counsel] that it was not the intention of the Defendant to preclude attorney fees under 42 U.S.C. § 406(b)." (Pl. Reply Mem. at 2.)

4

with Bowes and testified before ALJ Selwyn Walters. On March 1, 2018, ALJ Walters issued a fully favorable decision finding Rodriguez disabled since February 1, 2009 and entitled to SSI disability benefits and SSD benefits based on his September 22, 2010 application for disability benefits. By Notice of Award dated April 26, 2018, the SSA notified Rodriguez of the monthly amounts of past due SSI disability benefits payable to him for the period from October 2010 (*i.e*, the "date of entitlement" to monthly SSI disability benefits) to April 2018 was $65,070. (6/22/18 Am. Decl. ¶¶ 28-31 & Ex. C.)

This case was reassigned to Magistrate Judge Aaron on May 24, 2018. On May 29, 2018, the SSA issued a Notice of Award regarding the SSD benefits due to Rodriguez for the period from July 2009 (the date of entitlement to SSD benefits) to April 2018 was $75,926 and that SSA was withholding 25% of the past due benefits, or $18,981.50, for payment of attorney fees. (6/22/18 Am. Decl. ¶ 32 & Ex. D.) Bowes received the May 29, 2018 Notice of Award on June 7, 2018. (*Id*. ¶ 33.)

On the instant motion, Bowes is seeking approval of the contingent fee agreement under 42 U.S.C. § 406(b) against the updated and superseding May 29, 2018 Notice of Award and asks for approval of a fee of $18,981.50 as attorney's fees in this case. (6/22/18 Am. Decl. ¶ 34.) Bowes submitted in support of his § 406(b) motion time records covering the period March 25, 2015 through July 5, 2017. (6/26/18 Am. Decl., Ex. E.) This was the same period covered by Plaintiff's EAJA fee motion. However, in the EAJA fee motion, Plaintiff only listed 15.9 hours of attorney time (7/5/17 Bowes Decl., Ex. A), whereas in the § 406(b) motion, 41.6 hours are listed. (6/26/18 Am. Decl., Ex. E.) As explained in Plaintiff's reply memorandum (and in footnote 1, *supra*), these

5

extra 25.7 hours were spent after the Commissioner offered to voluntarily remand this case for additional proceedings (*i.e.*, in August 2015). (Pl. Reply Mem. at 4.)

## DISCUSSION

I. **Legal Standards**

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When there is a contractual contingency fee arrangement, a court considers the following factors in gauging the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

With respect to the third factor—whether the award constitutes a "windfall"— courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn*, 389 F. Supp. 2d at 456-57).

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted).

**II.**     <u>**Application**</u>

As noted above, Bowes seeks an award of attorney's fees in the amount of $18,981.50. The fees are within the twenty-five percent limit imposed by statute. The Court finds that the requested fees are not out of line with the character of the representation and the results achieved. The Court also finds that Bowes did not unreasonably delay the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee. Further, the Court finds that Bowes is well experienced in handling social security cases and that his written submissions were specific and well supported. However, the "windfall" factor is deserving of some attention.

As discussed above, Bowes spent 25.7 hours of time after the Commissioner agreed to remand in an effort to persuade the Court to order an outright reversal (in lieu of remand) or, in the alternative, to order the reassignment to another ALJ. These efforts, while not particularly successful, were client-driven. The hours worked by Bowes were at his client's behest. It was Rodriguez himself who rejected the remand offer because the case would have been remanded

to ALJ Grossman. (6/22/18 Am. Bowes Decl. ¶¶ 20-21.) It cannot be said in these circumstances that Bowes is obtaining a windfall. Moreover, the Court is mindful that "a reduction in the agreed-upon contingency amount should not be made lightly," *Blizzard*, 496 F. Supp. at 325, particularly given "the importance of encouraging attorneys to accept social security cases on a contingency basis." *Id.* Thus, the Court finds the amount sought by Bowes to be reasonable.[3]

The Court approves Bowes' motion for contingent attorney's fees of $18,981.50.

## **CONCLUSION**

The motion of Plaintiff's counsel for attorney's fees (ECF No. 47) is GRANTED. It is hereby ORDERED that attorney's fees are granted in the amount of $18,981.50. Upon receipt of this sum, counsel for Plaintiff shall refund the previously-awarded EAJA fees of $1,800 directly to the Plaintiff.

The Clerk of Court is directed to terminate the pending motion at ECF No. 47.

**SO ORDERED.**

DATED:    July 24, 2018
               New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[3] As noted by the Commissioner in her response to the pending motion, under the lodestar method, the amount sought by Bowes equates to an hourly rate of $456.29 ($18,981.50 divided by 41.9 hours = $456.29). (7/26/17 Def. Letter, ECF No. 52, at 1.) And as further noted by the Commissioner, this hourly rate is within the range of rates previously approved in this District. (*Id.* at 2.)